IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


CHRIS JONES,

        Plaintiff,

  vs.                                No. CIV 04-174 JH/LFG

THE CITY of ALBUQUERQUE; OFFICER
STEVE PICCHIONE, OFFICER WOSICK,
OFFICER MASON, OFFICER MOCK, SGT. HEH,
ALBUQUERQUE POLICE DEPARTMENT,
in their official and individual capacities;
GILBERT GALLEGOS, ALBUQUERQUE CHIEF
of POLICE, ROBERT WHITE, ALBUQUERQUE
CITY ATTORNEY, in their official and individual
capacities; and DONALD HARRIS, ALBUQUERQUE
ASSISTANT CITY ATTORNEY, in his official and
individual capacities,

        Defendants.


**MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION TO COMPEL
DIRECTED TO DEFENDANT DONALD HARRIS**

      THIS MATTER comes before the Court on Plaintiff Chris Jones ("Jones")'s Motion to

Compel Defendant Donald Harris ("Harris") to provide answers to Interrogatories and Requests for

Production [Doc. 76], filed herein on July 13, 2005.  Plaintiff did not file a Memorandum in Support

of his Motion, stating that the arguments had not changed since he filed a previous Motion to Compel

In the interests of saving paper, the Court will accept Plaintiff's earlier Memorandum [Doc. 53] as

filed in support of this Motion.  Harris filed his Response [Doc. 95] on August 5, 2005, and Plaintiff

filed his Reply [Doc. 110] on August 29, 2005.  The motion is now fully briefed.  No oral argument is necessary.  For the reasons given below, the Motion to Compel is granted in part and denied in part.

<u>Discussion</u>

The allegations of Plaintiff's complaint and other factual and procedural matters in this case are set forth in the Court's Memorandum Opinion and Order on Plaintiff's earlier Motion [Doc. 70] to Compel Defendant Wosick to respond to discovery requests, and will be referred to herein only as necessary to discussion of the issues.

Of particular relevance to the claims against Harris are Plaintiff's allegations that Harris was the assistant City Attorney assigned to Plaintiff's request for the return of his money.  Plaintiff alleges further that, after making initial and unsuccessful attempts to reclaim his seized currency, he contacted Harris for assistance.  Instead of helping him, Plaintiff says, Harris filed an interpleader action in state court, "without probable cause or a good faith belief that there existed competing claimants for Plaintiff's money."  He claims further Harris contacted Goodloe, one of the persons present when the money was seized, and without identifying himself as a city attorney, attempted to talk Goodloe into asserting a claim in the interpleader action.  Harris even called Goodloe a second time and surreptitiously taped his conversation Goodloe, in an effort to substantiate Harris' allegations in the interpleader case, Plaintiff alleges, and Harris developed a personal or professional interest in the interpleader suit which caused him to have a conflict of interest.  Even after all parties to the interpleader suit, aside from Plaintiff, disclaimed interest in the $10,000, Harris still failed to return the money, Plaintiff claims.

Harris contends that, as opposing counsel in the interpleader action, he had no constitutional

duty to Plaintiff.  He denies that his actions in filing the interpleader suit violated Plaintiff's due process rights; instead, he argues, Harris's duty ran to the City, not to Plaintiff, to insure that proper procedures were followed.  Harris asserts further that Plaintiff himself sought to informally stay the interpleader action and has refused offers to pay the funds to Plaintiff, with reservation of other claims.

Jones served the various Defendants with discovery requests, beginning in September 2004. Defendant Harris served his responses on February 8, 2005.  Plaintiff's attorneys were dissatisfied with the Defendants' responses, and counsel states in the motion that they made several attempts to confer with defense counsel, including a "formal good-faith letter," dated April 9, 2005, which Jones attaches as Exhibit B to the Memorandum [Doc. 53] in Support of his Motion.  Plaintiff asserts that at one point in discussions between counsel, Harris promised to provide supplemental responses by April 22, 2005 but never complied with this self-imposed deadline.  Finding no satisfaction in these attempts to resolve the parties' discovery dispute, Jones now files this Motion to Compel.

Jones asserts that Harris provided incomplete and non-responsive answers to his Interrogatories and Requests for Production, making conclusory and unjustified objections to the discovery requests and failing to support his claims for privilege and privacy with a privilege log.  He seeks a Court order directing Harris to fully respond and asks as well for unspecified sanctions against Harris.

Harris asserts that, counting all sub-parts, Plaintiff's interrogatories exceed the numerical limits.  He further claims that, notwithstanding this, his answers constituted good-faith attempts to respond to the discovery requests, many of which were, he asserts, vague, irrelevant and overly broad.  He argues that there is no basis for imposing sanctions on him.

The federal rules provide for broad and liberal discovery.  Fed. R. Civ. P. 26 allows each party to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.   To be discoverable, the information need not be admissible at trial so long as it appears reasonably calculated to lead to discovery of admissible evidence.

While this language is broad, the scope of allowable discovery is not without limits.  In considering motions to compel, the Court may properly balance the needs and interests of the parties and may limit discovery where the benefit is minimal and the burdens of production are great.  <u>Koch v. Koch Indus., Inc.</u>, 203 F.3d 1202, 1238 (10th Cir. 2000); Fed. R. Civ. P. 26(b)(2).

With these principles in mind, the Courts turns to an examination of the disputed Interrogatories and Requests for Production.

<u>INTERROGATORIES</u>

As noted above, Harris contends in his Response brief that the number of discovery requests exceeds the maximum limit.  This assertion was not made as an objection to answering any specific request, and the Court will not consider an objection raised for the first time in Defendant's briefing on the motion.

<u>Interrogatory No. 1</u>

In this interrogatory, Plaintiff asks Harris to describe all of his relevant work experience as a licensed attorney in the areas of forfeiture, search and seizure, constitutional law or property law up to the date he left his employment with the City Attorney's office, including identifying information for all cases in which he was involved, whether the case reached informal resolution or disposition through litigation.

Harris objected to this interrogatory on grounds it is vague, overly broad, unduly burdensome

4

and irrelevant, and calls for identification of materials protected by the attorney-client or work product privileges.  He also notes that Plaintiff has access to cases in which Harris was counsel of record by searching federal and state court websites.  Without waiving his objections, Harris answered the interrogatory by giving a brief synopsis of his educational background and work history.  He stated that all of the positions he has held as an attorney involved constitutional law and property law.

Plaintiff argues that the request asks only for the equivalent of a resume and case list in the areas of legal expertise related to the position Harris held at the City Attorney's office, and that this information is relevant to Plaintiff's claims that the City failed in its duties to train and supervise Harris.  In his Memorandum, Plaintiff restricts the time period for the requested case list to the time during which Harris was employed by the City Attorney's office (*i.e.*, July 2002 to April 2004).

The Court finds the interrogatory is overly broad and burdensome.  Harris has provided Plaintiff with information as to his background and work history.  Moreover, a name search via the Court's electronic database will provide Plaintiff the exact name and docket number of cases where Harris is listed as counsel of record.  Thus, this information is a readily available to Plaintiff as it is to Defendant.

<u>Interrogatory No. 4</u>

In this interrogatory, Plaintiff asks Harris to identify all policies or procedures of which he was personally aware while employed at the City Attorney's office, governing the conduct of City attorneys with regard to handling and disposing of seized evidence, property and currency. and related issues.

Harris responded by saying that City Attorneys are required to municipal, state and federal

law including ordinances, statutory and case law; the Rules of the Supreme Court of New Mexico, and the Code of Professional Conduct.

Plaintiff complains that the answer is unresponsive.  He notes one of Plaintiff's claims against Harris is that, when he refused to return Plaintiff's money upon request, Harris gave as the reason a City policy of refusing to return currency when a claimant requests attorney fees.  Both Harris and his ultimate supervisor, Defendant Robert White, have given interrogatory answers (see discussion of Interrogatory No. 7, below) which seem to contradict this, Plaintiff says, and Harris must provide an answer which sets forth his own personal perceptions and knowledge of City polices and procedures, as it is relevant to the claims against Harris individually and against the City based on failure to train and supervise City attorneys.

Harris is directed to state whether, at the time of the events in question, he understood the City to be operating under a policy of refusing to return currency when a claimant requests attorney fees and, if so, to give a citation or reference to any statement of this policy.  He need not provide any further response.

<u>Interrogatory No. 5</u>

In this interrogatory, Plaintiff asks Harris to identify and give contact information for each City attorney with whom he consulted or worked on matters regarding the seized currency in question, or who has any information regarding the City Attorney's office's involvement in the handling of the $10,000 in seized currency.

Harris objects to the interrogatory on grounds of attorney/client and work product privilege, and also because it is irrelevant, unduly burdensome and overly broad.

Plaintiff argues that mere provision of the names of attorneys with whom Harris worked does

not seek privileged information.  The Court agrees.  Harris is directed to provide a list of names and contact information, as requested.  Information concerning any discussions need not be provided.

Interrogatory No. 6

Plaintiff asks Harris to state why he waited until the end of a conversation to notify Rodney Goodloe, a party to the interpleader case, that he was tape recording the conversation regarding the seized currency in question, rather than seeking Goodloe's permission at the outset of the conversation.

Harris objected on grounds the interrogatory is argumentative, assumes a breach of a legal duty that does not exist at law, and is irrelevant.

Plaintiff argues that the interrogatory is a legitimate "contention" interrogatory designed to enable Plaintiff to determine the proof required to rebut Defendant's assertions at trial.  He points to the allegations of his complaint to the effect that Harris used the interpleader case as a way to continue to unlawfully deprive Plaintiff of his property, and that Harris conducted the surreptitious taping of an adverse party in order to fabricate a competing claim to Plaintiff's property.  Plaintiff states he is doing no more than seeking Harris's contentions as to his choice of actions while in his investigative capacity as a City attorney.

The Plaintiff agrees with Harris that this is not a true "contention" interrogatory but rather an argumentative question as to why he took certain actions.  Harris need not respond.

Interrogatory No. 7

In this interrogatory, Plaintiff asks Harris to state whether the City has a "no-settlement" policy under which no settlement offers will be forthcoming to any claimant of seized properties, if the claimant seeks attorney fees.  If so, Harris is asked to identify any such policy, including a listing

of any documents relating to such policy and of claimants to which such policy has been applied by Harris while he was a City attorney.

Harris objects to the interrogatory on grounds it calls for information subject to the attorney/client and work product privileges, is irrelevant, unduly burdensome and overly broad. He responds to the interrogatory, however, by stating that to his knowledge the City Attorney's office does not have such a policy. He states further that the City does have a policy to resolve all cases involving allegations of police misconduct by going to trial, and that this policy is unwritten and came into existence when Mayor Martin Chavez took office in December 2001.

The response is sufficient. Harris need not respond further.

Interrogatory No. 8

In this interrogatory, Plaintiff seeks the dates of all allegations made to the City Attorney's office or to APD of alleged failures of the City, on any case in which Harris participated, to provide notice of forfeiture of seized properties; to deposit currency in statutorily compliant accounts; to forfeit, declare abandoned, of transfer title to or return seized property in a timely fashion, including specific information as to each such allegation.

Harris objects on grounds the question calls for information subject attorney/client or work product privilege, and is irrelevant, unduly burdensome and overly broad.

Plaintiff argues that information about citizen complaints is relevant to the claims of failure to train and supervise. Defendant counters that it appears Plaintiff is asserting a malpractice claim against Harris, which is not a constitutional claim.

Plaintiff alleges a pattern and practice by the City Attorney's office of constitutional violations in connection with the handling of seized-property claims, as well as claims based on failure to train

and supervise.  The Court will require Harris to respond further by providing dates, if any, when allegations were made to the City Attorney's office about alleged failures to provide notice of forfeitures, or to deposit currency, or to forfeit, declare abandoned, or transfer title to property.

Interrogatory No. 9

This interrogatory asks Harris to identify all City of Albuquerque legal procedures or practices taken in conformance with NMSA (1978) §§ 31-27-1 *et seq.* with regard to the $10,000 at issue in this case, from the date of seizure to the present, including when and where the currency was deposited or kept; and, if procedures differed from the cited statutory requirements, to state how they differed and give justification for the departure.

Harris objects on grounds the interrogatory presumes a legal duty or obligation which does not exist.  Without waiving the objection, Harris states that he did not initiate a forfeiture action.

Plaintiff argues that the information is necessary to establish whether any procedures or practices were in place to effectuate the transfer or return of seized currency, as relevant to the claim of failure to train and supervise.  Harris is directed to state under what authority the currency at issue in this case was seized and retained, giving citations to statutory authority, or SOPs or policy directives,  if any, or other authority governing this particular seizure.

Interrogatory No. 10

This interrogatory asks Harris to state whether his actions or failures to act with regard to the $10,000 at issue herein, including his decision to file an interpleader suit and the taping of statements of parties or witnesses, was taken pursuant to any policy of the City and, if so, to identify the policy.  If any such actions were not taken pursuant to any policy, he is asked to so state.

Harris objects to the interrogatory as vague and irrelevant.  He also states that the actions

9

taken in regard to the currency were in accord with New Mexico law.

Plaintiff argues that he seeks to establish whether Harris's actions were random and unauthorized or, on the other hand, were accepted policies of the City Attorney's office, as relevant to the municipal liability claim based on policy or custom. The Court agrees that the information sought may be relevant to the claims of municipal liability; however, Harris's answer to Interrogatory No. 9, as directed above, will also answer this interrogatory. Therefore, no further answer to this interrogatory is necessary.

Interrogatory No. 11

This interrogatory asks whether Harris, his attorney or any agent of his, has interviewed and recorded statements from any persons having knowledge of the incidents alleged in the complaint concerning the City Legal Department's handling of the seized currency, or the taping or recording of party or witness statements, identifying each such statement and giving specified particulars.

Harris objects to the question as calling for information subject to attorney-client or work product privileges. Without waiving these objections, Harris states that he is providing copies of the documents identified in the Initial Pretrial Report ("IPTR") on file herein.

The Court sustains Harris's objections, except to the extent that Harris must disclose whether statements were recorded and by whom. Thus, Harris should disclose whether he, or any attorney or agent of his, conducted interviews or recorded statements of persons having knowledge of the handling and disposition of the currency at issue in this case, or having knowledge of the taping or recording of statements or parties and witnesses to this particular lawsuit.

Interrogatory No. 12

Plaintiff in this interrogatory asks Harris to state the names, addresses and telephone numbers

of any persons with knowledge of the subject matter of the lawsuit, stating briefly the nature of such knowledge.

Harris answered by referring Plaintiff to the Initial Pretrial Report ("IPTR") filed in this case on July 2, 2004 and stated that he would supplement his response if additional persons are identified through discovery. Plaintiff argues that merely referring to the IPTR is insufficient, as discovery to date leads him to estimate that at least 100 City employees were aware of the mismanagement of seized properties.

While Defendant has provided Plaintiff with the names, addresses and telephone numbers of certain witnesses as identified in the parties' IPTR, that may not be sufficient. The IPTR does not purport to be a comprehensive listing of everyone who has discoverable information. While that was the case under the 1993 version of Rule 26, it is no longer the case. The 2000 version of the Rule now only requires disclosure of the individuals who have relevant information and upon whose testimony the party will rely in the presentation of the claim or defense.

Thus, there may be other individuals who have relevant information but who are not proposed as witnesses. Those names would not appear on the IPTR. Therefore, Defendant should now include them in his response to this interrogatory.

Harris need not provide information as to all persons with knowledge of the handling of currency in general at APD, but he is ordered to respond to the interrogatory by identifying all persons with knowledge of the handling of the $10,000 at issue in this case, and to state briefly the nature of such knowledge.

<u>Interrogatory No. 16</u>

In this interrogatory, Plaintiff asks Harris to identify the steps he took in obtaining approval

11

to file the interpleader suit, whom he contacted, whether or not the suit was approved, and to identify any documents showing any such approval.

Harris objected on grounds of work product and attorney/client privilege.

Plaintiff says he needs this information in order to establish whether or not Harris acted pursuant to a policy. The Court agrees in part, and directs Harris to answer the interrogatory, except that he need not disclose the content of any discussions.

Interrogatories Nos. 18 and 19

Plaintiff withdraws the Motion to Compel with respect to these Interrogatories. [Doc. 110, at 9].

Interrogatory No. 21

In this interrogatory, Plaintiff asks Harris to identify the specific statutes, policies, case law, and other legal standards that allowed the City to hold the $10,000 without attempting to forfeit it or to locate the rightful owner and allowed the City to refuse to return it to Plaintiff, the only known claimant, including authority for the proposition that a sole claimant to uncontested, seized money must provide "tracing" as asserted in the complaint in the interpleader action.

Harris objects to the interrogatory as argumentative, as assuming a breach of legal duty which does not exist at law, and as calling for a legal conclusion on ultimate facts.

Plaintiff argues that this "contention" interrogatory is proper and necessary in order that Plaintiff can properly prepare to deal with the issues at trial. He asserts that he has never received any legal explanation for the City's actions in relation to the seized money. Defendant denies that this is a true contention interrogatory and refuses to answer on grounds it is "argumentative."

The Court agrees with Plaintiff that this is a contention interrogatory and, as such, is a

permissible form of discovery authorized by the federal rules, and a response is required.  Starcher v. Correctional Med. Sys., Inc., 144 F.3d 418, 421 n.2 (6th Cir. 1998).  The purpose of such interrogatories is, as Plaintiff argues, to narrow and define issues for trial and to enable the propounding party to determine the proof necessary to rebut the opponents' position.  Koch v. Koch Indus., Inc., 6 F. Supp. 2d 1192, 1200 (D. Kan. 1998); Fed. R. Civ. P. 33 advisory committee's note (1970).

Contention interrogatories are appropriately served toward the close of discovery, B. Braun Med. Inc. v. Abbott Labs., 155 F.R.D. 525, 527 (E.D. Pa. 1994), which is where this case is at present.  The fact that Harris is required to disclose the theory of his defense is not a proper basis for objection to an interrogatory at this stage.  Harris is directed to answer this interrogatory by stating specifically and giving citations to the legal basis for the City's actions with regard to the $10,000, including the City's holding it without instituting a forfeiture action; its refusal to return the money to Plaintiff, the only known claimant; and its demand that Plaintiff provide "tracing" before the money could be returned.  If the City did not, in fact, handle the $10,000 in the manner described in the interrogatory, Harris should so state.

Interrogatory No. 23

This interrogatory asks Harris to state his basis, at the time he filed the interpleader complaint, for the City's assertion at ¶ 19 of the complaint, that "Goodloe may make a claim for the money," and to provide a list of all supporting documentation or witness statements he relied on in making that statement.

Harris refers Plaintiff to his answer to Interrogatory No. 23 [he apparently means No. 22]. Interrogatory No. 22 asked the same question as No. 23, without the additional request for

13

supporting documentation and witness statements.  The answer to No. 22 was, "This was based on a statement made to Defendant prior to the filing of the interpleader lawsuit."  Plaintiff complains that Harris did not provide the requested information regarding supporting documentation and witness statements.    Harris's answer to Interrogatory No. 22/23 is not complete.  He does not say who made the statement at issue, what the content of the statement was, or when it was made.  These specifics must be given.  In addition, Harris is directed to respond to the request for supporting documentation and/or witness statements he relied on in making the assertion about Goodloe.

Interrogatory No. 24

In this interrogatory, Plaintiff asks Harris to state why the City's Legal Department never attempted to locate the rightful owner of the seized currency, and what steps were taken by the Legal Department to lawfully transfer title to the currency, between the date of seizure and October 2003, identifying any documents or witnesses consulted in answering this interrogatory.

Harris objects on grounds the interrogatory is irrelevant, argumentative, and assumes a breach of a legal duty which does not exist at law.

The Court finds that Harris's answer to Interrogatory No. 21 will be sufficient to answer this Interrogatory as well.  No further response to No. 24 is necessary.

REQUESTS FOR PRODUCTION

Request No. 1

Plaintiff asks that Harris produce all documents and other tangible material referenced in his answers to Plaintiff's interrogatories.

Harris did not object but stated that no such documents were referenced, with the exception of the IPTR  Plaintiff requests that Harris be ordered to supplement his response to this Request for

14

Production after fulling answering the interrogatories.

Because the Court ordered Harris to supplement his answers to Plaintiff's interrogatories, he must also provide documents referenced in those supplements in response to this Request for Production.

Plaintiff also asks for unspecified "other relief" against Harris for his failure to timely respond to discovery requests.  The Court does not find that sanctions are necessary or appropriate at this point.

### Order

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. 76] directed to Defendant Donald Harris is granted in part and denied in part, as detailed above.  All discovery ordered herein shall be made within ten days of the date of this Order.

Lorenzo F. Garcia
Chief United States Magistrate Judge

15