IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS JONES,

        Plaintiff,

  vs.                                                                                      No. CIV 04-174 JH/LFG

THE CITY of ALBUQUERQUE; OFFICER
STEVE PICCHIONE, OFFICER WOSICK,
OFFICER MASON, OFFICER MOCK, SGT. HEH,
ALBUQUERQUE POLICE DEPARTMENT,
in their official and individual capacities;
GILBERT GALLEGOS, ALBUQUERQUE CHIEF
of POLICE, ROBERT WHITE, ALBUQUERQUE
CITY ATTORNEY, in their official and individual
capacities; and DONALD HARRIS, ALBUQUERQUE
ASSISTANT CITY ATTORNEY, in his official and
individual capacities,

        Defendants.

**MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION TO COMPEL
DIRECTED TO DEFENDANT ROBERT WHITE**

THIS MATTER comes before the Court on Plaintiff Chris Jones ("Jones")'s Motion to Compel Defendant Robert White ("White") to provide answers to Plaintiff's Interrogatories and Requests for Production [Doc. 74], filed herein on July 13, 2005. Plaintiff did not file a Memorandum in Support of his Motion, stating that the arguments had not changed substantially since he filed a previous Motion to Compel. In the interests of saving paper, the Court will accept Plaintiff's earlier Memorandum [Doc. 55] as filed in support of this Motion. White filed his Response

[Doc. 98] on August 5, 2005, and Plaintiff filed his Reply [Doc. 107] on August 29, 2005. The motion is now fully briefed. No oral argument is necessary. For the reasons given below, the Motion to Compel is granted in part and denied in part.

## Background

The allegations of Plaintiff's complaint and other factual and procedural matters in this case are set forth in the Court's Memorandum Opinion and Order on Plaintiff's earlier Motion [Doc. 70] to Compel Defendant Wosick to respond to discovery requests, and will be referred to herein only as necessary to discussion of the issues.

Jones served the various Defendants with discovery requests, beginning in September 2004, including Interrogatories and Requests for Production directed to White. He claims that White requested and was granted multiple extensions of time to respond, but he did not serve any responses at all until April 6, 2005, several days after the Parties' Joint Motion to Reopen Discovery was denied (on June 16, 2005, the Court re-opened discovery). Plaintiff was unsatisfied with White's responses and sent a good-faith letter to White on April 15, 2005 and, receiving no discovery in spite of defense counsel's assurances, sent a second letter on April 28, 2005. Plaintiff states that this letter suggested ways to limit the discovery requested, in order to make production easier, but that White has not responded to the letter nor has he supplemented his responses to the discovery requests.

Jones now files this Motion to Compel.

## Discussion

Jones asserts that White provided incomplete and non-responsive answers to his Interrogatories and Requests for Production, making conclusory and unjustified objections to the discovery requests and failing to support his claims for privilege and privacy with a privilege log. In

fact, Plaintiff states that "Defendant White [i]s the most recalcitrant Defendant in this multi-defendant civil rights case." He seeks a Court order directing White to fully respond and asks as well for sanctions against White.

White asserts that, counting all sub-parts, Plaintiff's interrogatories exceed the numerical limits. He further claims that, notwithstanding this, his answers constituted good-faith attempts to respond to the discovery requests, many of which were, he asserts, vague, irrelevant and overly broad. He argues that there is no basis for imposing sanctions on him.

The federal rules provide for broad and liberal discovery. Fed. R. Civ. P. 26 allows each party to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. To be discoverable, the information need not be admissible at trial so long as it appears reasonably calculated to lead to discovery of admissible evidence.

While this language is broad, the scope of allowable discovery is not without limits. In considering motions to compel, the Court may properly balance the needs and interests of the parties and may limit discovery where the benefit is minimal and the burdens of production are great. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir. 2000); Fed. R. Civ. P. 26(b)(2).

With these principles in mind, the Courts turns to an examination of the disputed Interrogatories and Requests for Production.

## INTERROGATORIES

As noted above, White contends in his Response brief to Plaintiff's Motion to Compel that the number of discovery requests exceeds the maximum limit. This assertion was not made as an objection to answering any specific request, and the Court will not consider an objection raised for the first time in Defendant's briefing on the motion.

Interrogatory No. 2

In this interrogatory, Plaintiff asks White to describe the means of oversight of the City of Albuquerque ("City") Legal Department with regard to compliance with policies and procedures applicable to the practice of law.

White did not object to this question. He responded that attorneys hired by the City must be licensed to practice law in New Mexico, and that Assistant City Attorneys are supervised by the Deputy City Attorney and the City Attorney. He stated further that attorneys must comply with CLE requirements of the State Bar and with all applicable laws.

Plaintiff complains that White failed to detail the internal policies and procedures used to supervise attorneys. He argues that Plaintiff's allegation of municipal liability requires that he determine whether Defendant Donald Harris, an Assistant City Attorney, was operating pursuant to a policy, pattern or practice in failing to return seized property and, to establish this, he needs to know "the sequencing of decision making, the 'means of oversight' within the Department." He also complains that White responded to this interrogatory by "reiterating" his response to Interrogatory No. 1.

The Court is unable to discern exactly what Plaintiff is asking in this interrogatory. The response does, in fact, answer the question asked. In his Reply brief, Plaintiff argues that he was asking White to "describe a process of oversight." The interrogatory did not use the word "process," and in any event it is still not clear exactly what Plaintiff wants White to describe. The Court will not order any further answer to this interrogatory.

Interrogatory No. 4

In this interrogatory, Plaintiff asks White to identify and give contact information for each City

4

employee who has any information regarding the policies and procedures governing the conduct of City of Albuquerque attorneys in maintaining, handling, and disposing of seized property and currency; in determining ownership of seized property and currency; in declaring property abandoned, in forfeiture policies and practices and related issues; as well as in the taping or recording of statements of parties and witnesses to City of Albuquerque lawsuits.

White did not object to this interrogatory and responded that City of Albuquerque attorneys represent various City departments, and "[t]heir representation is determined by applicable law."

Plaintiff argues that this answer is unresponsive, and that White should have given Plaintiff a list of names and contact information for employees with knowledge of the particular categories of legal work described in the interrogatory. He argues that this information is necessary to determine whether the City Legal Department employees were properly trained, and the extent of White's knowledge about the alleged constitutional problems surrounding property seizure and retention practice.

In correspondence with opposing counsel, White raised an objection to this interrogatory as unduly burdensome. The Court agrees that the scope of the information sought is exceedingly broad and a response would be unduly burdensome. Plaintiff offers a restriction on the request. He suggests that White provide a list of all City attorneys and legal staff who worked on drug and currency seizures, forfeitures, and declarations of abandonment or title transfer, and as APD counsel, during the past five years. Even this restricted scope is exceedingly broad.

The Court finds this request unreasonable and will not require a response. The Court will require, however, that Defendant disclose the name and contact information of any City attorney and legal staff who worked on the seizure, forfeiture or declaration of abandoned property in this case.

5

Interrogatory No. 5

This interrogatory asked for a list of names and contact information for each City of Albuquerque attorney who has information regarding the City Attorney's office's involvement in handling of the $10,000 at issue in this case, from date of seizure to present, including the conduct of any of the attorneys involved.

White responded by providing a list of four names: Lara Zdravecky, Donald Harris, Robert M. White, and Kathryn Levy; and the statement that Donald Harris filed the interpleader action after discussions with counsel for Plaintiff.

Plaintiff. complains that the answer is "grossly incomplete," as Plaintiff is aware of at least two other attorneys, Catherine Arlowe and Ronald Bratton, who had involvement with the case and who were not listed. Plaintiff also notes that APD Captain Marie Miranda was deposed in a separate but related case and identified other attorneys who handled property and currency seizures. White acknowledged in his Reply brief that he inadvertently omitted Ron Bratton from his response. He says that Catherine Arlowe briefly entered her appearance in this case and then withdrew and did not work on the case.

White contends that the five attorneys already identified are the only ones who have information regarding the handling of the $10,000 at issue in this case. White is directed to complete his response by describing each attorney's involvement. If Plaintiff learns from other sources that there were, in fact, other attorneys with knowledge, that information may be used for impeachment.

Interrogatory No. 8

This interrogatory asks White to state the dates of all allegations made to the City Attorney's office or to APD of alleged failure of the City or provide notice of forfeiture of seized properties,

failure to deposit currency in accounts pursuant to state law, failure to properly handle and return seized property in a timely fashion; and, for each such complaint, to give the source of the allegation, contact information for the source, and actions taken by the City Attorney's office in response to these allegations.

White responded by stating he does not have information regarding allegations made to APD, but he provides a list of two lawsuits filed "which may be responsive to this interrogatory." He states further that he is "checking" for any more lawsuits and will supplement the answer if additional lawsuits are filed.

Plaintiff argues that the information sought in this interrogatory is relevant to the issue of the City's notice of allegations of unconstitutional property seizure and retention practices. He contends that the listing of two lawsuits is inadequate, given media reports of more than 109 complaints that have been lodged regarding property seizures, in 2005 alone. He further argues that White's statement that he is "checking" for other lawsuits is an inadequate response, as he has already had eight months to "check" and, if reasonable good faith efforts to locate the information have been made, White has a duty to detail what they were. In addition, he argues, he asked for all complaints that had been made, not just lawsuits. Plaintiff offers to limit his request to the past five years.

The Court agrees with Plaintiff that the response is inadequate. While Defendant White need not search for all allegations made to APD, he is obligated to provide information as to complaints made to the City Attorney's Office. White has a duty to make a reasonable search of records in order to answer this interrogatory. If he cannot fully answer, he must explain the steps he took in seeking out the information.

The answers to interrogatories must be responsive, full, complete and

> unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control . . . . If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

Miller v. Doctor's Gen. Hosp., 76 F.R.D. 136, 140 (W.D. Okla. 1977). *See also*, Pilling v. General Motors Corp., 45 F.R.D. 366 (D. Utah 1968): "If the respondent is unable to answer for lack of information or for other reason he should indicate the reasons rather than ignore the inquiry in whole or in part; if an interrogatory is deemed in good faith to be improper, objection should be timely filed."

White did not object to this interrogatory, nor did he claim the information sought is privileged. A response that he is still "checking" is not sufficient. He is directed to make the search necessary to fully answer this interrogatory and to provide the information requested. He need only respond to the portion requesting information on complaints made to the City Attorney's office, and only for the past five years.

Interrogatory No. 9

This interrogatory asks White to identify all City of Albuquerque legal procedures or practices taken in conformance with NMSA (1978) §§ 31-27-1 *et seq.* in regard to the $10,000 at issue in this case, from the date of seizure to the present, including when and where the currency was deposited or kept and, if procedures differed from the cited statutory requirements, to state how they differed and give justification for the departure.

White responded by denying that §§ 37-27-1 *et seq.* is the law to be applied, and stated that no legal proceedings were initiated pursuant to the cited statute.

Plaintiff complains that White failed to respond to the rest of the question by identifying what practices substituted for the state forfeiture statute and why the actions taken were justified. He argues that "Defendant White's response that the state forfeiture statute doesn't apply is impossible to comprehend without his explanation and revelation as to what legal structure did apply." He says that the City has never identified the account into which Plaintiff's currency was placed nor did it identify any Standard Operating Procedures or policy directives which allowed the actions taken.

In his Response, White argues that the question does not ask what procedure was used in lieu of a forfeiture action. The Court disagrees and orders White to state under what authority the currency at issue in this case was seized and retained, giving citations to statutory authority, or SOPs or policy directives, if any, or other authority governing this particular seizure. If the seizure was not taken pursuant to any authority, White should so state.

Interrogatory No. 10

This interrogatory asks White to state whether the City Legal Department's actions with regard to the $10,000, including the use of an interpleader suit and the taping or recording of statements of parties and witnesses in lawsuits involving the City, were taken pursuant to any policy of the City and, if so, to state which policy justified City actions. If any such actions were not taken pursuant to any policy, he is asked to so state.

White answered that it is the policy of the City's Legal Department to represent its clients in full compliance with all applicable laws, and that all actions taken with regard to the currency are in accord with this policy. He further stated that there is no policy regarding taping or recording of statement of parties or witnesses to actions involving the City.

Plaintiff does not complain about the portion of the answer dealing with taping or recording

9

but argues that the portion dealing with the City's actions with regard to the currency is non-responsive. The Court agrees but finds that White's answer to Interrogatory No. 8, as directed above, will also answer this interrogatory.

### Interrogatory No. 11

This interrogatory asks whether White, his attorney or any agent of his, has interviewed and recorded statements from any persons having knowledge of the incidents alleged in the complaint concerning the City Legal Department's handling of the seized currency, or the taping or recording of party or witness statements, identifying each such statement and giving specified particulars.

White answered that he is not aware of any such statements.

Plaintiff argues that this response is "simply incredible" in light of the Attorney General's criminal investigation of APD's currency handling practices. White counters that the question was directed to him personally, not to the City, and the interrogatory asks about persons acting on his behalf, not on the City's behalf. He argues that his status as City Attorney does not require him to produce all information available to the City. Plaintiff counters that the word "you" in the interrogatory refers to White in both his individual and official capacities, as he is being sued in both capacities.

White is directed to answer this interrogatory by stating whether he, or any attorney or agent of his, conducted interviews or recorded statements of persons having knowledge of the handling and disposition of the currency at issue in this case, or having knowledge of the taping or recording of statements or parties and witnesses to this particular lawsuit. If he cannot provide this information, he must set forth the efforts he made to obtain it.

10

Interrogatory No. 12

Plaintiff in this interrogatory asks White to state the names, addresses and telephone numbers of any persons with knowledge of the subject matter of the lawsuit, stating briefly the nature of such knowledge.

White answered by referring Plaintiff to the IPTR filed in this case on July 2, 2004 and stated that he would supplement his response if additional persons are identified through discovery.

Plaintiff states that no supplementation to this response has been received, "despite the media revelations of the myriad of persons now known to have the requested information." Plaintiff states that he is willing to refine his definition of "the subject matter of this lawsuit" to mean currency seizures, retentions and returns, and to restrict the information sought to the past five years.

White need not provide information as to all persons with knowledge of the handling of currency in general at APD, but he is ordered to respond to the interrogatory by identifying all persons with knowledge of the handling of the $10,000 at issue in this case, and to state briefly the nature of such knowledge.

Interrogatory No. 14

This interrogatory asks White to state the names and contact information of all witnesses who may be called to testify at trial, giving a brief description of the testimony and stating any employment or fiduciary relationship with White.

White stated in his response that he has not yet determined which witnesses will be called. He states he will identify any witnesses in accord with the federal rules and any orders of the Court. He also refers Plaintiff to potential witnesses listed in the IPTR, filed herein on July 2, 2004.

Plaintiff argues that additional witnesses must have been identified by now, given the Attorney

General's investigation and interviewing of 61 witnesses. White counters that the IPTR "provides the information now available."

White is directed to supplement his answer to this interrogatory, to the extent he has not already done so and to the extent such information exists, by providing the names of any additional persons he intends to call as witnesses at trial. He is reminded of his continuing duty to supplement responses to discovery requests.

Interrogatory No. 15

In this interrogatory, Plaintiff asks for a list of documents White intends to introduce at trial. White responded that he has not yet determined which exhibits will be offered at trial, but he will identify any exhibits in accord with the rules of procedure and any orders of the Court. He also refers Plaintiff to the IPTR's identification of potential exhibits.

Plaintiff complains that the IPTR is out of date now.

White is directed to supplement his answer to this interrogatory, to the extent he has not already done so and to the extent such information exists, by providing a list of any additional exhibits which he intends to introduce at trial. He is reminded of his continuing duty to supplement responses to discovery requests.

Interrogatory No. 16

In this interrogatory, Plaintiff asks White to identify the policies or procedures for the City Attorney's office in approving the filing of a lawsuit by an Assistant City Attorney; whether these policies/procedures were following in the interpleader action involving the $10,000 in this case; to give the names and contact information of anyone involved in approving the interpleader action; and to state any justifications for failure to follow the identified policies/procedures.

12

White answered by saying that any lawsuits filed by the City must be in compliance with all applicable law, and the interpleader action at issue in this case complied with this requirement.

Plaintiff complains that this answer is unresponsive. The Court agrees. If there are no specific City policies or procedures for approving the filing of lawsuits by Assistant City Attorneys, beyond an attorney's general obligation to comply with the law, White should so state. If there are such policies, White must complete the response by identifying such policies; stating whether the policies were followed in the interpleader action at issue and, if not giving justification for not following the policies; and finally he must identify the individual(s) involved in approving the interpleader action concerning the currency at issue in this case.

Interrogatory No. 18

Plaintiff asks White to identify the complaining citizen and assigned City Attorney for every internal affairs procedure or finding which the City's Legal Department has reviewed in the past ten years, regarding the City Attorney's office handling of seized evidence and related practices, in which a recommendation was made that a violation had occurred.

White answered that he is not aware of any such review or finding.

Plaintiff complains that White has not even asserted that he made a good faith effort to acquire the information sought. White counters that Plaintiff is attempting to create requirements which are not stated in the interrogatory, that is, to state the methodology used to obtain the information.

The responding party does have a duty to state his search methodology when he answers that he is "not aware" of any such review or finding. White is directed to describe the good faith effort he made to obtain this information and, if he has not made a good faith effort, to do so and provide the information requested.

Interrogatory No. 22

This interrogatory asks White to state, for each finding by a judge or jury of violation of a citizen's civil rights in connection with seized evidence and related issues, what corrective action or discipline was taken against each City Attorney.

White responds that he is not aware of any such finding against an attorney employed by the City of Albuquerque.

The scope of this interrogatory goes far beyond the scope of this case. It is not limited in time nor even in reference to seizures. The Court finds it unduly burdensome and will not require a further response.

Interrogatory No. 23

In this interrogatory, Plaintiff asks White to identify each legal proceeding in the past five years in which the City Attorney's office initiated or participated in forfeiting seized properties and currency, including the disposition of the properties at issue.

White responded by attaching a list of actions. Plaintiff complains that the list provided is extensive but incomplete. Plaintiff states he conferred with opposing counsel after the interrogatories were served and requested that the list be restricted to currency seizures only, and that it be supplemented to include cross-referencing and the disposition of each currency seizure. Plaintiff also states that he offered to provide paralegals to assist Defendant in compiling the information but has had no response from White on this offer. He further offers to limit the request to cases involving seizures of over $1,000 or more.

The Defendant has already provided names and docket numbers. As these are public records, Plaintiff can just as easily obtain the information from court files. White need not respond further.

14

Interrogatory No. 24

In this interrogatory, Plaintiff asks White to state why the City of Albuquerque never attempted to locate the rightful owner of the seized currency at issue, and what steps were taken to lawfully transfer title of the property between the date of seizure and October 2003, identifying any document or witnesses consulted in answering the interrogatory.

White responds by stating the City filed an interpleader action. He further states that the City has agreed to release the $10,000 to Plaintiff, reserving all other legal issues without prejudice to all parties, but Plaintiff has advised that he does not with to have the funds returned to him.

The Court finds that Defendant's answer is responsive to the question asked, and he will not be ordered to provide anything further.

## REQUEST FOR PRODUCTION

Request No. 1

Plaintiff asks that White produce all documents and other tangible material referenced in his answers to Plaintiff's interrogatories.

White did not object but referred Plaintiff to items attached to his response. Plaintiff complains that the material attached constitutes a "smattering of documentation."

The Court cannot sensibly rule on the Motion to Compel as to this Request for Production, having no information as to what material was provided to Plaintiff. However, to the extent Defendant has been ordered to supplement his answers to Plaintiff's interrogatories, he must also provide documents referenced in those supplements, in response to this Request for Production.

Plaintiff also asks for sanctions against White for "flagrant and willful discovery abuse." The Court does not find that sanctions are warranted or appropriate.

**<u>Order</u>**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. 74] directed to Defendant Robert White is granted in part and denied in part, as detailed above. All discovery ordered herein shall be made within ten days of the date of this Order.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge