IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS JONES,

        Plaintiff,

vs.                                      CIVIL NO.  04-174 JH/LFG

CITY OF ALBUQUERQUE;
Officers STEVE PICCHIONE,
WOSICK, MASON and MOCK;
Sgt. HEH; ALBUQUERQUE POLICE
DEPARTMENT; GILBERT GALLEGOS,
Chief of Police; ROBERT WHITE, City
Attorney; and DONALD HARRIS,
Assistant City Attorney,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR EXPERT WITNESS DEPOSITION PREPARATION

### Introduction

THIS MATTER is before the Court on Plaintiff's Motion for Expert Witness Deposition Preparation Fees, With Authorities, filed September 30, 2005. [Doc. 123.]  The Motion is fully briefed and ready for resolution.  [Doc. Nos. 127, 140.]

Plaintiff seeks a Court Order requiring Defendants to pay the reasonable costs incurred by Plaintiff's expert witness to prepare for his expert deposition.  Defendants declined to compensate Plaintiff's expert for time spent in preparing for the deposition.  When Defendants filed their opposition brief, they did not know how many hours of expert preparation time were at issue because the expert deposition had not yet taken place.  Plaintiff now submits a request for preparation costs in the amount of $5,340.00, calculated at 53.4 hours of preparation time billed at an hourly rate of $100.00.  There is no information provided by the parties as to the length of the expert's deposition.

**Legal Standard**

Federal Rule of Civil Procedure 26(b)(4) addresses expert fees in relation to trial preparation. That rule states in pertinent part:

> Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Fed. R. Civ. P. 26(b)(4)(C). At least one court has commented that neither the express language of the rule nor the advisory committee notes provide clear guidance as to whether an expert's reasonable fees for preparation time are recoverable by the party who tendered the expert. Collins v. Woodridge, 197 F.R.D. 354, 356-57 (N.D. Ill. 1999).

Authors of two federal civil rule treatises reach contrary conclusions in discussing this question. In the Federal Civil Rules Handbook, the authors state that "[f]or a[n] [expert] deposition, the fee normally includes compensation for time testifying but not preparation time."[1] Steven Baicker-McKee, William M. Janssen & John B. Corr Federal Civil Rules Handbook 2006, p. 621. In O'Connor's Federal Rules, the author concludes that "[f]or depositions, the party seeking discovery ordinarily will pay the expert's fee for the time spent preparing for the deposition . . ., [and] the deposition itself . . . ." Michael C. Smith, O'Connor's Federal Rules – Civil Trials 2005, p. 366.

The Tenth Circuit Court of Appeals apparently has not decided this issue. Ellis v. United Airlines, Inc., 73 F.3d 999, 1011 (10th Cir.), *cert. denied*, 517 U.S. 1245 (1996). Moreover, there

---

[1] In support of this proposition, the authors cite a federal district court opinion from the District of Kansas, Frydman v. Dep't of Justice, 852 F. Supp. 1497 (D. Kan. 1994), *aff'd*, 57 F.3d 1080 (10th Cir. 1995) (Table, Text in Westlaw). Indeed, this Court relied, in part, on that decision in resolving a similar issue in Langley v. Maytag Corp., No. CIV 97-660 WWD/LFG (D.N.M. Jan. 16, 1998). However, upon careful review of the Frydman opinion, the Court does not find any persuasive discussion of the present question.

2

is little guidance from other federal courts in this district.[2] The federal court in the Eastern District of New York observed that courts are divided as to whether an expert's time preparing for a deposition is compensable. Magee v. The Paul Revere Life Ins. Co., 172 F.R.D. 627, 646-47 (E.D.N.Y. 1997). The Magee Court found that most court had held in the affirmative and cited to a number of those courts in concluding that "Rule 26(b)(4)(C) encompasses a reasonable fee for time spent by an expert preparing for deposition . . . ." Id. at 647. The Court was persuaded that permitting compensation for preparation time facilitated the deposition process. However, in Magee, unlike the present case, the expert requested one hour of preparation time, which the Court found "eminently reasonable." Id. *See also* New York v. Solvent Chemical Co. Inc., 210 F.R.D. 462, 471-72 (W.D.N.Y. 2002) (collecting cases where courts awarded fees for preparation time but concluding that the expert's requested preparation time in that case was clearly excessive).

The Magee Court also discussed several decisions from other federal district courts in which those courts declined to award compensation for expert preparation time. Those courts refused to order compensation finding an absence of compelling circumstances, "such as where the litigation is particularly complex and/or the expert must review voluminous records." 172 F.R.D. at 646-47 (collecting cases). *See also* Royal Maccabees Life Ins. Co. v. Malachinski, 2000 WL 1377111 at *6 (N.D.Ill. Sept. 25, 2000) (expert preparation time found not compensable as a general rule in that district); Patterson Farm, Inc. v. City of Britton, South Dakota, 22 F. Supp. 2d 1085, 1095-96 (D. S.D. 1998) (noting "reluctance inherent in the decisions of other district courts to order the party

---

[2] In support of their position, Defendants cite Sloan, et al. v. State Farm Mutual Automobile Ins. Co., No. CIV 00-702 BB/WWD (D.N.M. May 21, 2002). However, Sloan concerned a question of recoverable costs and the plaintiff's objections to the clerk's assessment of costs, and is, therefore, distinguishable from the question here involving the interpretation of Rule 26.

seeking the deposition to pay expenses for preparation time of the opposing party's expert witness unless the case involves complex litigation.")

### Discussion

Here, Plaintiff argues that his expert was required to review thousands of pages of materials and spend over 50 hours in preparation for his deposition. Moreover, Plaintiff asserts that Defendants were dilatory in producing required documentary discovery, thereby requiring his expert to incur additional time in preparing for his deposition. In addition, Plaintiff contends this is exactly the type of complex litigation that justifies compensation for an expert's preparation time.

In support of his position, Plaintiff relies, in part, on a decision issued by the federal district court in Kansas, Boos v. Prison Health Services, 212 F.R.D. 578 (D. Kan. 2002). In that case, the plaintiff's medical expert sought 3.5 hours of preparation time for his 1½ hour long deposition. Id. at 579-580. The Kansas federal district court observed the general practice in that district was to require defendants to pay "for at least some of" the expert's preparation time. Ultimately, the Court was persuaded both by case law within and outside the district that compensation for an expert's deposition preparation was appropriate. In addition, the Court reasoned that the expert's deposition was not taken until more than a year had passed since he prepared his expert report. Thus, an extensive review of medical records after a one-year lapse was required. Id. at 580.

Unlike the facts in Boos, the facts in the present case do not justify compensation of the expert's preparation time. Here, Plaintiff filed his Rule 26 expert report on July 29, 2005. [Doc. 123.] The expert deposition was held October 17, 2005, less than three months after the report was submitted. Thus, this is not a case where the expert prepared his report and then waited over a year before being deposed, thereby requiring extensive preparation time. Nor does the Court find convincing Plaintiff's argument that his expert had to spend over 50 hours to prepare for the

4

deposition, notwithstanding Defendants' production of documents after the report was submitted. While the court docket <u>may</u> reflect otherwise (with over 200 pleadings filed to date), the Court has never found this case to be particularly complex or to present highly unusual issues of law and fact. Indeed, the parties originally estimated only a three to four day trial. Moreover, allegations of Fourth Amendment violations relating to a search and seizure and involving a sum of $10,000 are not uncommon in federal court. In fact, Fourth Amendment claims, with more complicated factual scenarios, are routinely resolved by federal courts in this district.

Finally, based on the diverging judicial opinions on this issue and the ambiguous language of Rule 26, the Court determines it has discretion in deciding whether or not to award compensation for an expert's deposition preparation, depending on the circumstances of the case. Here, the Court does not find compelling circumstances to justify such compensation. In addition, the Court does not conclude that the requested fees and preparation time are "eminently reasonable."

Accordingly, IT IS ORDERED that Jones' motion for expert witness deposition preparation fees [Doc. 123] is DENIED.

                                                                     *Lorenzo F. Garcia*
                                                            Lorenzo F. Garcia
                                                            Chief United States Magistrate Judge