IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS JONES,

           Plaintiff,

vs.                                           CIVIL NO.  04-174 JH/LFG

CITY OF ALBUQUERQUE;
Officers STEVE PICCHIONE,
WOSICK, MASON and MOCK;
Sgt. HEH; ALBUQUERQUE POLICE
DEPARTMENT; GILBERT GALLEGOS,
Chief of Police; ROBERT WHITE, City
Attorney; and DONALD HARRIS,
Assistant City Attorney,

           Defendants.

## **ORDER DENYING MOTION TO DISQUALIFY COUNSEL**

Introduction

THIS MATTER is before the Court on Plaintiff Chris Jones' ("Jones") Motion to Disqualify Defense Counsel [Doc. 158].  This motion was filed on November 18, 2005, twenty-one months after the lawsuit was filed.  The motion is fully briefed and ready for resolution.

Background

In this motion, Jones seeks to disqualify attorney Kathryn Levy from serving as counsel for Defendants in this case.  Jones contends that Kathryn Levy will be a witness in the proceedings, as she was involved in the decision not to return Jones' money to him.  Jones argues that under the New Mexico Rules of Professional Conduct, specifically 16-116 and 16-307, Ms. Levy may not serve as an advocate in a trial where it is likely that she will be a witness.

Ms. Levy has not been a witness in this proceeding and, with the close of discovery, her deposition cannot be taken.  Ms. Levy may have been involved in the decision not to return Jones'

money to him, but so too were both Jones' attorneys, Joe Romero and Jody Neal Post, involved in conversations with the City Attorney's office in an attempt to recover that money. Thus, if Ms. Levy's purported involvement makes her a potential witness, it follows that both Jones' attorneys are potential witnesses. Moreover, Jody Neal Post already became a witness in this proceeding by submitting her own affidavit on issues of fact. (*See* Exhibit A to Plaintiff's motion to disqualify.) Thus, it is ironic for Jones to argue that it is impermissible for Ms. Levy, who is not yet a witness, to continue as an advocate in this case and yet offer no explanation why it is permissible for Jones' own attorney to be a witness in this proceeding without being disqualified.

Notwithstanding Jones' curious argument, the Court proceeds to analyze the motion to disqualify under the appropriate legal standard.

### Legal Standard

> The court has inherent power to disqualify counsel "where necessary to preserve integrity of the adversary process." Motions to disqualify counsel are committed to the court's sound discretion. A motion to disqualify must be decided on its own facts, and the court must carefully balance the interest in protecting the integrity of the judicial process against the right of a party to have the counsel of its choice.

Arthur v. City of Galena Kansas, et al., 2004 WL 2331920 (D. Kan. June 2, 2004) (internal citations omitted). This Court generally views motions to disqualify opposing counsel with disfavor, observing that such motions are "often interposed for tactical reasons and result in unnecessary delay." Bennett Silvershein Assocs. v. Furman, 776 F. Supp. 800, 802 (S.D.N.Y. 1991). A party seeking disqualification of an opposing party's chosen counsel carries a heavy burden. Id. In this case, the Court concludes that Jones did not meet his burden and that the motion to disqualify will be denied.

Discussion

A number of reasons support the Court's denial of Jones' motion to disqualify Attorney Levy. First, there are alternatives to Ms. Levy's testimony in this case. The discovery already indicates that attorney Bob White, a Defendant in this case, was a party to discussions concerning reasons why monies were not returned to Jones. His deposition was and he will testify at trial. Moreover, another witness, Laura C. Zdradecky, was a party to conversations, and her testimony can be presented at trial.

Jones says that Zdradecky is not available as a witness as she is outside the territorial jurisdiction of the Court. However, she is amenable to discovery in her home state by utilization of court procedures for out-of-district depositions. *See, e.g.*, Fed. R. Civ. P. 45(b)(2) ("a subpoena may be served . . . at any place within the state where a state statute or rule or court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition . . . ."). There is no indication that Jones has sought to avail himself of the right to take Ms. Zdradecky's deposition in California and/or that he was prevented from doing so.

Second, disqualifying Ms. Levy from serving as counsel for Defendants on a claim that she, and only she, can provide information relevant to the parties' claims and defenses, would serve to deny Defendants the right of their choice of counsel. Moreover, as stated *supra,* Jones' contention about the importance of Ms. Levy's testimony is belied by the fact that other witnesses can testify as to the same conversations. Thus, her testimony is not critical to the prosecution of Jones' claims.

Third, Jones' argument that the City's no-settlement policy played a significant role in actions of the City's attorneys vis-a-vis the $10,000 taken by City police in this case is unpersuasive and belated at best. The City's no-settlement policy on alleged police misconduct cases was known to Jones and his attorneys before this lawsuit was filed. Indeed, this policy has been the subject of much

3

public comment and media reports. Therefore, if Jones believed that the City's attorneys would become witnesses in this case, it was incumbent on Jones to act quickly. Here, Jones springs this motion twenty-one months after he filed this lawsuit and a scant three months before trial.

Finally, the Court determines that Jones' motion is untimely. Jones' contention regarding long delays in the discovery process does not excuse the tardy filing of this motion. Jones fails to justify with any credible information why he was unaware early on that Ms. Levy allegedly was a critical witness in this case. Jones' portion of Initial Pretrial Report [Doc. 25] identifies White as a witness on whose testimony Jones would rely in the prosecution of his case but neglects to identify Kathryn Levy.[1]

## Conclusion

In the sound exercise of the Court's discretion and for all of the above-stated reasons, the Court determines that neither the facts of this case nor Jones' arguments provide a basis for disqualification of defense counsel.

IT IS THEREFORE ORDERED that Jones' motion to disqualify counsel (Doc. 158) is DENIED.

                                    *Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[1] As supplemental disclosures need not be filed with the Court Clerk, it is unknown when, if at all, Jones identified Kathryn Levy as a witness.