IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS JONES,

        Plaintiff,

vs.                                                CIVIL NO. 04-174 JH/LFG

CITY OF ALBUQUERQUE;
Officers STEVE PICCHIONE,
WOSICK, MASON and MOCK;
Sgt. HEH; ALBUQUERQUE POLICE
DEPARTMENT; GILBERT GALLEGOS,
Chief of Police; ROBERT WHITE, City
Attorney; and DONALD HARRIS,
Assistant City Attorney,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION REQUIRING RESOLUTION OF *DUNTON* CONFLICTS

THIS MATTER is before the Court on Plaintiff's Motion for Order Requiring Defense Counsel to Resolve Potential *Dunton* Conflicts [Doc. 154]. The Court considered the motion, response and reply and determines that oral argument is not necessary. For the reasons stated herein Chris Jones ("Jones") motion is denied.

### Dunton Motion

In his motion, Jones argues that "it appears from discovery that potential or actual conflicts of interest exist among or between all Defendants, and in particular with Defendants City of Albuquerque ["City"] and the Police Officer Defendants." [Doc. 154, p. 1.] More specifically, Jones contends that the City's "blanket policy of refusing to settle any matter regarding alleged police misconduct" creates an "actual conflict between the City and individual police officers since the

individual officers, unlike the City, might wish to settle. In other words, Jones asserts that the City's no-settlement policy creates a potential/actual conflict of interest in this case between the municipality and individual defendant officers.

Jones proceeds to argue that the potential conflict of interest is not merely "hypothetical." He asserts that excerpts from deposition testimony of the individual officers reveals inconsistencies that "[would leave] defense counsel in the possibly awkward, and potentially impossible situation of explaining away those differences without adversely impacting upon the credibility of one or both of her clients." [Doc. 154, p. 3.] Jones goes so far as to aver that such a position might tie defense counsel's hands, i.e., leave her unable to "zealously and ethically represent the interests of individual police officers." [Doc. 154, p. 2.]

Jones explains that he must file his "Dunton" motion "to protect his ability to enforce any judgment he may obtain." While he does not necessarily advise the City to hire outside counsel for the individual officers, he asks that the defendant officers provide affidavits stating that they choose to continue being represented by present defense counsel.

Jones apparently contends that the alleged conflicts discussed *supra* are Dunton conflicts that must be resolved. In Dunton v. County of Suffolk, 729 F.2d 903 (2d Cir. 1984), the court raised the issue of conflict when the same attorney represented both a municipality and an individual police officer and a dispute existed whether the officer was acting within the course and scope of his employment. In such an instance, an issue can arise whether there is a conflict or potential conflict between available defenses for the municipal defendant as opposed to the individual defendant sued in an individual capacity. Dunton, 729 F.2d at 903. In Dunton, the individual officer raised a conflict issue because an immunity defense had not been asserted on his behalf.

In the present case, there is no dispute that the officers were acting in the course and scope

of their employment. Indeed, the parties have so stipulated. (IPTR, Doc. 25, p. 2). In addition, unlike the facts in Dunton, the qualified immunity defense has been asserted on behalf of all Defendants in this case. [Doc. 13, Doc. 25.]

In Jones' reply, he concedes that the no-settlement policy, the policy which purportedly prompted his *Dunton* motion, is no longer an issue. Still, Jones perseveres with his baseless motion. Instead of appropriately withdrawing the motion, Jones now relies solely on discrepancies and inconsistencies in the individual officers' deposition testimony to show *Dunton* conflicts. Clearly, inconsistent testimony of individual defendants might be grist for cross-examination, should this case proceed to trial. However, none of the inconsistencies discussed by Plaintiff demonstrate potential or actual *Dunton* conflicts of interest. Moreover, none of the cases cited by Jones discuss inconsistent testimony by individual defendants as a basis for finding a *Dunton* conflict.

Indeed, a careful reading of Dunton would have revealed that the stipulated facts in this case do not deal with the issue that the Dunton court discussed. In addition, a careful reading of Johnson v. Board of County Commissioners for the County of Fremont, 85 F.3d 489 (10th Cir. 1996) would have indicated that it too fails to support Jones' argument. Johnson is distinguishable in that the sanctioned attorney in that case attempted to represent an individual defendant in his official capacity only, when the plaintiff later added a claim against the defendant in his individual capacity. In addition, like Dunton, there was a dispute in Johnson regarding whether the individual defendant's actions were taken within the scope of authority. Id. at 491. Plaintiff's reliance on Estates Theatres, Inc. v. Columbia Pictures Industries, Inc., 345 F. Supp. 93 (S.D.N.Y. 1972) is even farther-fetched and warrants no discussion.

Jones' position that these purported conflicts or potential conflicts might inhibit defense counsel's ability to zealously represent her clients is suspect. The Court agrees with Defendants that

3

"[a] degree of skepticism is in order when one party seeks disqualification of opposing counsel based on allegedly deficient representation of the opposing party." Chavez v. State of New Mexico, 397 F.3d 826, 840 (10th Cir. 2005).

However, it is possible that Jones' attorney misunderstands the boundaries of zealous representation. The Court commends zealous advocacy but not the filing of motions that are unsupported by law or fact, that needlessly increase the costs of litigation, and contribute to delay in proceedings. The present motion to compel defense counsel to resolve Dunton issues falls within that category. The motion is not supported by law, and the filing of this motion needlessly increased the costs of litigation for all parties.

In summary, the Court finds no Dunton conflicts in this case, and therefore Jones' motion to require the City to resolve Dunton conflicts [doc. 154] is DENIED.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

4